**Calvin C. CAMPBELL, Plaintiff-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Defendant-Appellee.**

**No. 27553**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Oct. 6, 1969.

Calvin C. Campbell, Pro Se.

Earl Faircloth, Atty. Gen., State of Florida, Raymond L. Marky, Asst. Atty. Gen., Tallahassee, Fla., for defendant-appellee.

Before GEWIN, DYER and CARSWELL, Circuit Judges.

PER CURIAM:

Appellant is an inmate of the Florida State Prison who has been sentenced to death for murder.[1] He filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983, which the district court dismissed. We affirm that judgment.

In his complaint the appellant prayed that the respondent be ordered to permit him to undergo medical tests to determine whether he qualified as a potential kidney donor to a Florida youth. Appellant sought to be taken to a Denver, Colorado, hospital for the tests and, if he qualified, for the surgical removal of his kidney; for premium postoperative medical care upon his return to the Florida prison system; and for removal back to Denver if rehospitalization should be necessary. The surgical operation was to have been performed in January, 1969.

Appellant contends that the appellee "has no vested constitutional right or authority to deprive [him] of personal liberty to donate a kidney," which deprives the youth who needs it of his life without due process of law. The prospective kidney recipient has never been a party to these proceedings.

The district court dismissed the complaint on authority of this Court's decision in Adams v. Ellis, 5th Cir. 1952, 197 F.2d 483, holding that this was a matter of prison administration which the court would not superintend.

As this Court said in Granville v. Hunt, 5th Cir. 1969, 411 F.2d 9.

" * * * However invoked and regardless of the judicial tool employed to involve the Federal judiciary, our surveillance of state penal and correctional institutions has a limited spectrum. These institutions are not under the control of the Federal courts, and we 'will not interfere with the conduct, management and disciplinary control of this type of institution except in extreme cases.' Douglas v. Sigler, 8 Cir. 1967, 386 F.2d 684, 688. * * * "

In Walker v. Blackwell, 5th Cir. 1969, 411 F.2d 23, we affirmed the denial of a request for a special diet in connection with a Black Muslim celebration on grounds that "considerations of security and administrative expense outweigh whatever constitutional deprivation petitioners may claim."

If he were free, the appellant would have the right to donate one of his kidneys to whomever he desired. He has no right to the relief he seeks, however, in consequence of his incarceration. Transportation of the appellant from Florida to Colorado and back would require special security personnel and would involve substantial additional expenditures of money by the State of Florida. These burdens would be increased in the event of postoperative complications, the possibility of which is acknowledged in the complaint. Finally, there is more than a remote possibility that the appellant, under a death sentence for murder, may harm others in attempting to escape execution of death sentence which was recently affirmed by the Florida Supreme Court.

---

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir., 1969, 409 F.2d 804, Part I.

We find no error in the district court's dismissal of the complaint, which entirely fails to state facts which would constitute an abuse of discretion of the Director of the Division of Corrections of the State of Florida. See Carswell v. Wainwright, 5th Cir. 1969, 413 F.2d 1044; Schack v. State of Florida, 5th Cir. 1968, 391 F.2d 593, cert. denied 392 U.S. 916, 88 S.Ct. 2080, 20 L.Ed.2d 1376; Thompson v. Blackwell, 5th Cir. 1967, 374 F.2d 945.

Affirmed.