**Don H. WEAVER, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 27329**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 20, 1970.

---

Don H. Weaver, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Monroe Clayton, Robert C. Flowers, Asst. Attys. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., W. V. Geppert, Staff Legal Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM.

█ Weaver, a Texas State convict presently serving a 25-year sentence for robbery by assault, appeals[1] from the district court's denial of his petition for injunctive relief. We affirm.

The appellant petitioned the district court for an order requiring state prison officials to transport him to John Sealy Hospital in Galveston, Texas, for complete physical examination, diagnosis and medical treatment.

He attached to his petition a copy of a letter written by Dr. M. D. Hanson, Medical Director of the Texas Department of Corrections. The letter, dated September 25, 1967, shows that the appellant has been examined, x-rayed, and treated both in the prison hospital and on an outpatient basis. He has been on light duty status for several years, because of residual effects of a 1957 automobile accident.

Medical Director Hanson's letter concluded as follows:

"When interviewed in my office this morning the inmate does not appear to be ill. He is well nourished, well developed, tall and slender being 6'4" tall and weighs approximately 160 pounds, which is the usual weight for him during the several years we have observed him. He has many various and vague complaints which are not characteristic of any disease entity. Due to the old injury to his pelvis and back he is classified for only light work with aged and handicapped men in the Department of Corrections and at the present time he is not in need of hospitalization or any special treatment."

The appellant does not deny that he has been examined and treated by prison physicians. He complains, however, that Dr. Hanson's letter did not mention the fact that he had been in the hospital for five months and 23 days (in 1967), nor that two other prison doctors reached differing diagnoses as to his condition. He asserts that Dr. Hanson is prejudiced against him and that his opinion should be disregarded for this reason. But Weaver does not allege any facts which indicate that his health now is in jeopardy nor that he is now in need of, and being denied, essential medical care. Cf. Edwards v. Duncan, 4 Cir. 1966, 355 F.2d 993.

█ We have consistently held that, in such cases, the proper test is whether

1. Pursuant to our Local Rule 18 this case is decided without oral argument.

the complaint fairly alleges abuse of discretion of prison officials in denying medical treatment to the inmate-applicant. Carswell v. Wainwright, 5 Cir. 1969, 413 F.2d 1044, 1045; Singleton v. Bosshard, 5 Cir. 1968, 396 F.2d 821; Schack v. Florida, 5 Cir. 1968, 391 F.2d 593, cert. denied 392 U.S. 916, 88 S.Ct. 2080, 20 L.Ed.2d 1376; Thompson v. Blackwell, 5 Cir. 1967, 374 F.2d 945.

We have no difficulty in holding that the complaint in the instant case failed to measure up to the minimal requirements. The district court did not err in dismissing it on its merits. Carswell v. Wainwright, supra; Schack v. Florida, supra; Stiltner v. Rhay, 9 Cir. 1967, 371 F.2d 420, cert. denied 386 U.S. 997, 87 S.Ct. 1318, 18 L.Ed.2d 346; United States ex rel. Lawrence v. Ragen, 7 Cir. 1963, 323 F.2d 410; Coppinger v. Townsend, 10 Cir. 1968, 398 F.2d 392.

The judgment of the district court is Affirmed.