Clarence Dewane OAKS, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 29591

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1970.

Clarence Dewane Oaks, in pro. per.

Earl Faircloth, Atty. Gen., State of Fla., Thomas B. Calhoun, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

Oaks appeals from the District Court's dismissal of his civil rights complaint under 42 U.S.C.A. § 1983. We affirm.[1]

Oaks alleges that as a state prisoner he has received some dental treatment but that it has been inadequate and improper. These allegations fail to show such exceptional circumstances as would require a federal court to inter- fere in the internal operation and administration of a state prison. Weaver v. Beto, Director, 5 Cir. 1970, 429 F.2d 505; Haskew v. Wainwright, 5 Cir. 1970, 429 F.2d 525; Haggerty v. Wainwright, 5 Cir. 1970, 427 F.2d 1137; Schack v. State of Florida, 5 Cir. 1968, 391 F.2d 593, cert. denied, 392 U.S. 916, 88 S.Ct. 2080, 20 L.Ed.2d 1376.

Oaks' complaint also alleges that he has been denied the use of the prison law library and the assistance of other inmates in preparing legal documents for him and rendering legal advice to him.[2] Oaks further alleges, however, that on July 25, 1969, he was admitted to the tubercular ward of the prison hospital where he remained until January, 1970, when he was transferred to the "inactive" section of the ward where he still remains. Undoubtedly, Oaks' condition required preventive measures to be taken by the prison authorities to insure against exposure of other inmates. In any event, Oaks does not attack any prison regulation. There are no allegations that he has in any way been denied access to the courts (his petition avers that he has filed seven documents in his case on appeal), that he has ever lost the right to commence, prosecute or appeal in any court, or that he has been substantially delayed in obtaining a judicial determination in any proceeding. Cf. Hatfield v. Bailleaux, 9 Cir. 1961, 290 F.2d 632.

The District Court properly found that Oaks' complaint fails to state a claim for injunctive relief against the state prison officials under Section 1983.

Affirmed.

---

1. Pursuant to our Rule 18 this case is decided without oral argument.

2. Oaks' complaint and briefs belie these averments. No more than a cursory ex- amination of his papers is needed to demonstrate that either Oaks is well trained in the law or that he has received legal assistance of high caliber.