945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John D. ALSTATT, Plaintiff-Appellant,
v.
Steven T. SMITH, Wallace Wilkinson, Vertner Taylor, John T.
Wigginton, Medical Department of Luther Luckett Correctional
Complex, Medical Department of Northpoint Training Center,
Wayne C. Dunn, Office of General Counsel Commonwealth of
Kentucky, Defendants-Appellees.
 No. 91-5791.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1991.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Additionally, he moves for the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, John D. Alstatt, is an inmate incarcerated at the Northpoint Training Center in Burgin, Kentucky. Alstatt filed his civil rights complaint alleging a violation of his constitutional right to donate a kidney to his now deceased brother. Alstatt sought one million dollars in damages and injunctive relief in the form of a restraining order prohibiting the state from holding him in their custody. Alstatt sued the defendants in their individual capacities.
 
 
 3
 The subject of Alstatt's complaint concerned the problems he allegedly encountered with the defendants in connection with his attempts to donate a kidney to his brother. According to the complaint, the alleged difficulties Alstatt encountered were the result of the defendants' negligence.
 
 
 4
 In an order entered June 20, 1991, the district court dismissed Alstatt's complaint for failure to state a claim after finding that Alstatt had failed to plead that he had been deprived of a right secured by the United States Constitution or laws.
 
 
 5
 Upon review, we conclude that the dismissal of Alstatt's complaint was proper because it appears beyond doubt that Alstatt can prove no set of facts which would entitle him to relief. See Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990); Dana Corp. v. Blue Cross & Blue Shield Mutual, 900 F.2d 882, 885 (6th Cir.1990). On review, Alstatt's allegations must be taken as true and construed in the light most favorable to him. Meador, 902 F.2d at 475. However, the court need not consider vague or conclusory allegations. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 6
 Under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Federal Constitution or laws of the United States, and 2) that the deprivation was caused by a person while acting under color of state law. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Moore v. City of Paducah, 890 F.2d 831, 833-34 (6th Cir.1989). Absent either element, a claim will not be stated. Alstatt has not and cannot point to any law which establishes his right to donate a kidney at state expense, to be transferred to an institution in another state to permit him to donate a kidney or to be released from custody to accomplish that goal. Moreover, while incarcerated, he has no absolute right to donate a kidney. See Campbell v. Wainwright, 416 F.2d 949 (5th Cir.1969), cert. denied, 397 U.S. 953 (1970). Therefore, the complaint was properly dismissed.
 
 
 7
 Even if we assume that Alstatt has a right to donate a kidney despite his incarceration, dismissal was proper because negligent acts of state officials do not generally rise to the level of a constitutional violation. Lack of due care by state officials does not implicate a constitutional claim. See Daniels v. Williams, 474 U.S. 327 (1986); Chesney v. Hill, 813 F.2d 754 (6th Cir.1987) (per curiam) (mere negligence is not actionable under § 1983).
 
 
 8
 Upon further review, we conclude that the district court properly dismissed the complaint insofar as Alstatt sought injunctive relief. The injunctive relief sought by Alstatt, i.e., release from custody, is not available through an action filed pursuant to § 1983. When a state prisoner challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984).
 
 
 9
 Accordingly, the motion for counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.