**A. D. GRANVILLE, Petitioner-Appellant,**

v.

**W. B. HUNT et al., Respondents-Appellees.**

**No. 27068**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.
May 19, 1969.

A. D. Granville, pro se.

Earl Faircloth, Atty. Gen., of Florida, James Robert Yon, Asst. Atty. Gen., Tallahassee, Fla., for appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GOLDBERG, Circuit Judge:

This appeal is taken from an order dismissing a Florida prisoner's complaint for both monetary and injunctive relief under 42 U.S.C.A. § 1985(3).[1] The prisoner has appealed pro se and, as is not uncommon in such situations, he has presented his allegations in a manner which is disjointed and difficult to follow.[2] Recognizing that the appellant is unschooled in the intricacies of pleading and procedure, we have construed his papers with liberality in order to determine whether the complaint was properly dismissed for failure to state a cause of action. Even stretching liberality to its apogee, we must conclude that the action of the district court was free from error. We therefore affirm.

As grounds for the above requested remedies, the appellant alleged that during his incarcerations in the Florida State Prison he was improperly classified as medically fit to do heavy manual labor and that he was placed in the "hole" when he refused to perform his

[1]. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

[2]. Although the appellant prayed for relief under several sections of the United States Code, the district court correctly considered his pleading alternatively as a petition for a writ of habeas corpus and as an action for damages under 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1985(3).

28 U.S.C.A. § 1343 (1962) provides:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

42 U.S.C.A. § 1985(3) provides:

"(3) If two or more persons in any State or Territory conspire to go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

assigned tasks. Presently out of the "hole," he urges that these actions constituted cruel and unusual punishment. He further alleges that the various named and unnamed defendants, personnel of the Florida Division of Corrections, conspired by these actions to deprive him of his Constitutional rights. No relevant facts in support of these allegations appear in any of the appellant's papers.

The elements which must be alleged in order to state a cause of action under 42 U.S.C.A. § 1985(3) were concisely stated in Huey v. Barloga, N.D.Ill. 1967, 277 F.Supp. 864, 868, as follows:

" * * * The elements necessary for a cause of action under the section are (1) a conspiracy by the defendants, (2) with a purpose of depriving the plaintiff of equal protection of the laws or equal privileges and immunities under the law, (3) a purposeful intent to discriminate, (4) action by the defendants under color of state law or authority, and (5) injury to the person or property of the plaintiff or his deprivation of a right or privilege as a citizen of the United States resulting from actions in furtherance of the conspiracy. * * * "

Examining the appellant's filings in the light of this standard, we find that the appellant failed to allege that the defendants purposely intended to discriminate against him and failed to allege any facts tending to show such an intent to discriminate. This omission alone would be fatal. See Norton v. McShane, 5 Cir. 1964, 332 F.2d 855, 863, cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 ("To come within this statute, plaintiffs would have to allege facts amounting to intentional and purposeful discrimination to the plaintiffs individually or as members of a class.").

However, we find another error which is also fatal even under the liberal federal pleading rules. The appellant has failed to allege any facts showing either the existence or the execution of the claimed conspiracy. The pleadings contain only bare allegations that the defendants conspired against the appellant and that as a result of this conspiracy, he was subjected to cruel and unusual punishment. These allegations contain mere bare bones and are totally without any fleshing to show a link between the alleged conspirators. They also fail "to allege any overt acts related to the promotion of the claimed conspiracy." Huey v. Barloga, *supra*, 277 F.Supp. at 871. In short, the pleadings are merely conclusional and are completely without factual underpinnings. Such pleading is clearly insufficient. "Although pleadings are given a liberal construction in the federal courts, the Rules contemplate some factual statement in support of the claim. General allegations of this kind unsupported by any factual statements have generally been rejected as insufficient." *Id.* "[T]he complaint must do more than merely state vague and conclusionary allegations respecting the existence [and operation] of a conspiracy." Lombardi v. Peace, S.D.N.Y. 1966, 259 F.Supp. 222, 226. See also Tyree v. Smith, E.D.Tenn. 1968, 289 F.Supp. 174, 178; Friedman v. Younger, C.D.Calif. 1968, 282 F.Supp. 710, 713; O'Hara v. Mattix, W.D.Mich. 1966, 255 F.Supp. 540, 542; cf. Williams v. Dunbar, 9 Cir. 1967, 377 F.2d 505, 506, cert. denied, 389 U.S. 866, 88 S.Ct. 131, 19 L.Ed.2d 137; Duzynski v. Nosal, 7 Cir. 1963, 324 F.2d 924. Clearly the district court was correct in dismissing the appellant's complaint for failure to state a cause of action.

If we stretched constructional liberality beyond its normal bounds and construed the prisoner's papers as a petition for a writ of habeas corpus, we would still be unable to give him any relief. He has failed, *inter alia*, to allege that he has exhausted his available state remedies or that there are no such remedies presently available to him. Such exhaustion has been made by Congress a condition which must be satisfied prior to the granting of the writ by a federal court:

"An application for a writ of habeas corpus in behalf of a person in custody

pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C.A. § 2254 (1959).

Since the appellant has failed to allege exhaustion, the district court's denial of the writ without an evidentiary hearing was proper. See Sweeney v. Woodall, 1952, 344 U.S. 86, 73 S.Ct. 139, 97 L.Ed. 114; Dye v. Johnson, 1949, 338 U.S. 864, 70 S.Ct. 146, 94 L.Ed. 530; Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; cf. Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 882, 9 L.Ed.2d 837; Boyer v. City of Orlando, 5 Cir. 1968, 402 F.2d 966. See generally Sokol, A Handbook of Federal Habeas Corpus (1965).

■ Moreover, this Court has been very chary about interfering in the internal operation and administration of prison systems, and we have done so only in exceptional cases and then only when the available administrative remedies within the prison organization had been exhausted. Schack v. Florida, 5 Cir. 1968, 391 F.2d 593, cert. denied, 392 U.S. 916, 88 S.Ct. 2080, 20 L.Ed.2d 1376; cf. Hess v. Blackwell, 5 Cir. 1968, 409 F.2d 362. However invoked and regardless of the judicial tool employed to involve the Federal judiciary, our surveillance of state penal and correctional institutions has a limited spectrum. These institutions are not under the control of the Federal courts, and we "will not interfere with the conduct, management and disciplinary control of this type of institution except in extreme cases."

Douglas v. Sigler, 8 Cir. 1967, 386 F.2d 684, 688. Since the prisoner at bar is essentially complaining only that the prison doctor should not have found him fit to do heavy manual labor, this is clearly not an instance calling for judicial interference. Singleton v. Bosshard, 5 Cir. 1968, 396 F.2d 821.

■ We also note that this Court has long taken the position that habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. Our rationale has been that "it is not the function of the Courts to superintend the treatment and discipline of prisoners in penitentiaries, but only to deliver from imprisonment those who are illegally confined." Adams v. Ellis, 5 Cir. 1952, 197 F.2d 483, 485. See also Sarshik v. Sanford, 5 Cir. 1944, 142 F.2d 676; Platek v. Aderhold, 5 Cir. 1934, 73 F.2d 173, 175; contra Coffin v. Reichard, 6 Cir. 1944, 143 F.2d 443, 444, cert. denied, 325 U.S. 887, 65 S.Ct. 1568, 89 L.Ed. 2001; Konigsberg v. Ciccone, W.D.Mo. 1968, 285 F.Supp. 585, 589; Coonts v. Wainwright, M.D.Fla. 1968, 282 F.Supp. 893.

In United States ex rel. Knight v. Ragen, 7 Cir. 1964, 337 F.2d 425, 426, cert. denied, 380 U.S. 985, 85 S.Ct. 1355, 14 L.Ed.2d 277, a prisoner legally detained in the Illinois State Penitentiary sought habeas corpus relief on the grounds that "prison officials arbitrarily placed him in an isolation cell in the penitentiary, deprived him of adequate nourishment, comfort and liberty without due process of law and denied him medication and drugs." The court held that the petition for a writ of habeas corpus was properly denied, noting that "the injunction sought is not within the scope of relief intended in a habeas corpus proceeding. * * * It is not the function of habeas corpus to direct prison officials in the treatment and care of inmates by mandatory injunction." Our Court recently quoted with approval from Ragen in Schack v. Florida, *supra*, 391 F.2d at 594, and thereby indicated a continued adherence to its rule that habeas corpus is not an appropriate vehicle for

relief of the nature sought in the case at bar. We therefore hold that, even if his habeas petition were otherwise proper, the appellant's treatment plaints would not justify the issuance of the hallowed writ.

Affirmed.