**James Mabry HOLLAND, Plaintiff,**

v.

**Dr. George J. BETO et al., Defendants.**

**Civ. A. No. 68–H–919.**

United States District Court,
S. D. Texas,
Houston Division.

Feb. 12, 1970.

James Mabry Holland, pro se.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Staff Legal Asst. Atty. Gen., Robert C. Flowers and Monroe Clayton, Asst. Attys. Gen., Austin, Tex., for defendants.

NOEL, District Judge.

MEMORANDUM:

Plaintiff, a prisoner in state custody, brought this action to restrain the defendant prison officials from interfering with his use of the mails. Jurisdiction is invoked under 28 U.S.C. § 1343.

The petition here fails to state a claim as to which federal relief would be appropriate. Carswell v. Wainwright, 413 F.2d 1044 (5th Cir. 1969) (per curiam); Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969).

Alternatively, assuming arguendo that the petition states a federally cognizable claim, it must be dismissed for failure to exhaust state remedies. Plaintiff cites only 28 U.S.C. § 1343, a jurisdictional statute which opens the federal courts only to "civil action[s] authorized by law to be commenced by

any person." Harkless v. Sweeny Ind. School Dist., 300 F.Supp. 794, 807–808 (S.D.Tex.1969). Construing the petition liberally, as I must, Granville v. Hunt, *supra*, I assume plaintiff intends to invoke 42 U.S.C. § 1983 or § 1985. But these statutes authorize recovery only if state remedies are inadequate. Schwartz v. Galveston Ind. School Dist., 309 F.Supp. 1034 (S.D.Tex. Feb. 2, 1970). It appears that the remedies provided by the State of Texas for persons with claims like plaintiff's are available and fully adequate. Tex.Const. art. I, § 12, Vernon's Ann.St.; Vernon's Ann.Tex. Code Crim.P. arts. 11.01–11.64, especially arts. 11.04, 11.11, 11.15, 11.21, 11.22, 11.23 ("The writ of habeas corpus is intended to be applicable to all such cases of confinement and restraint, where there is no lawful right in the person exercising the power, or where, though the power in fact exists, it is exercised in a manner or degree not sanctioned by law."), 11.40; Millikin v. Jeffrey, 117 Tex. 134, 299 S.W. 393, 396 (1927); Ex parte Millikin, 108 Tex.Cr.R. 121, 299 S.W. 433 (1927); Ex parte Carlile, 92 Tex.Cr.R. 495, 244 S.W. 611 (1922).

The reasons for requiring prisoners to exhaust administrative remedies are well stated by Judge Brewster in his dissent to Hess v. Blackwell, 409 F.2d 362, 367 (5th Cir. 1969). A requirement that resort be had to state court as well is equally important where the complaining prisoner is in state custody. Judge Boldt of the Western District of Washington has argued eloquently that teamwork between judges and wardens "may help materially to stem the rising tide of crime." Boldt, Judges and Wardens: Teammates for Rehabilitation, 53 Judicature 250, 251 (1970). The State's correctional system is but another step in its administration of justice. Both the Congress, 28 U.S.C. § 2254, and the courts, Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963); Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Peters v. Rutledge, 397 F.2d 731 (5th Cir. 1968), have declared that the state courts deserve the first opportunity to consider assertions that constitutional rights have been denied before or during trial. State courts are worthy of equal respect though the asserted denial be alleged to have occurred after conviction and the alleged wrongdoer be a prison official rather than a policeman. And it is immaterial that the procedural vehicle which plaintiff uses to enter federal court is the Civil Rights Act instead of the Writ of Habeas Corpus. States must be encouraged to establish effective procedures for processing all prisoner complaints. Where, as in Texas, that challenge has been met, federal courts must require that state procedures be exhausted. Wright v. McMann, 387 F.2d 519, 527 (2d Cir. 1967) (Lumbard, Chief Judge, concurring "reluctantly"); *cf.* Taylor v. New York City Transit Authority, 309 F.Supp. 785, 38 U.S.L.W. 2411 (E.D.N. Y. Jan. 6, 1970); Schwartz v. Galveston Ind. School Dist., *supra*.

For the foregoing reasons, the petition is dismissed. The Clerk will file this Memorandum and the separate Judgment of even date and send copies of both to plaintiff and to counsel for defendants.