**John Calvin BAILEY, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections; Custodial Officer, Kerby Powledge, Texas Department of Corrections, Respondents.**

**Civ. A. No. 70-H-357.**

United States District Court,
S. D. Texas,
Houston Division.
April 14, 1970.

John Calvin Bailey, pro se.

No appearance for respondents.

## MEMORANDUM AND ORDER:

NOEL, District Judge.

Plaintiff, a prisoner in state custody, brought this suit for damages and injunctive relief, complaining of certain conduct by defendant prison officials. He requests leave to file his petition in forma pauperis. His motion to file in forma pauperis is granted as to proceedings in this Court only.[1]

The petition fails to state a federal claim for relief. Carswell v. Wainwright, 413 F.2d 1044 (5th Cir. 1969) (per curiam); Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969).

Alternatively, assuming arguendo that the petition states a federally cognizable claim, it must be dismissed for failure to exhaust state remedies.

Plaintiff contends that jurisdiction exists in this Court, but does not designate the statutory source of this Court's power. However, construed liberally, his claim falls within this Court's civil rights, 28 U.S.C. § 1343, 42 U.S.C. § 1983; or habeas corpus, 28 U.S.C. § 2254, jurisdiction. But, assuming jurisdiction exists, a federal claim does not exist under these statutes unless available state remedies are either exhausted or inadequate. Peters v. Rutledge, 397 F.2d 731 (5th Cir. 1968); Holland v. Beto, 309 F.Supp. 784 (S.D.Tex.1970).

Plaintiff did not allege that he exhausted state remedies or that they are inadequate to afford him relief. It appears that the remedies provided by the State of Texas for persons with claims like plaintiff's are available and fully adequate. Tex.Const. Art. I, § 12, Vernon's Ann.St.; Vernon's Ann.Tex. Code Crim.P.Ann. Arts, 11.01–11.64, especially Arts. 11.04, 11.11, 11.15, 11.21, 11.22, 11.23 ("The writ of habeas corpus is intended to be applicable to all such cases of confinement and restraint, where there is no lawful right in the person exercising the power, or where, though the power in fact exists, it is exercised in a manner or degree not sanctioned by law."), 11.40; Holland v. Beto, *supra* (cases cited therein).

In *Holland, supra,* this Court discussed the reasons for requiring exhaustion of state remedies. That discussion is equally applicable here.

A futher alternative for dismissing this suit stems from the principles set forth in Reetz, Comm'r of Fish and Game for Alaska v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); and, City of Meridian v. Southern Bell Tel. and Tel. Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959), which require a federal court to abstain from deciding questions of constitutional law which are immeshed with difficult questions of state law. "A state court decision here * * * could conceivably avoid any decision under the Fourteenth Amendment and would avoid any possible irritant in the federal-state relationship." *Reetz, supra.*

Accordingly, it is ordered:

(1) The clerk shall file the complaint in forma pauperis.

(2) The complaint is dismissed.

---

1. Specifically he contends that he was suffering from a backache, and that he was required to wait one hour before being permitted to go to the prison hospital for treatment.

**920**

(3)   The clerk shall send copies of this Memorandum and Order to plaintiff and to the Attorney General of the State of Texas.

FINAL JUDGMENT

Plaintiff's application for injunctive, damage and habeas corpus relief having come on for consideration, and after due consideration, the Court being of the opinion same should be dismissed for the reasons set forth in the Memorandum and Order of even numbered date,

It is ordered, adjudged and decreed that the plaintiff's application for injunctive, damage and habeas corpus relief is dismissed.