**Ellis Marlow HASKEW, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 29598

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 14, 1970.

Ellis Marlow Haskew, pro se.

Earl Faircloth, Atty. Gen., Michael J. Minerva, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Ellis Marlow Haskew is a prisoner of the State of Florida, who is presently serving a sentence at Raiford. He filed a petition for money damages for alleged denial of proper medical treatment by the prison medical director and a medical assistant.[1]

The district court dismissed the complaint, holding that, "It is apparent from the petition that petitioner is not being denied medical treatment but merely that petitioner, from his layman's point of view, does not feel that the medical care is proper."[2]

The petition shows that the appellant claims merely that he should have been admitted as an emergency patient on two occasions, but was required to return the following morning; and that he needs remedial surgery on his shoulder, which has been denied.

Federal courts will not inquire into the adequacy or sufficiency of medical care of state prison inmates unless there appears to have been an abuse of the broad discretion which prison officials possess in this area. See Roy v. Wainwright, 5th Cir. 1969, 418 F.2d 231; Granville v. Hunt, 5th Cir. 1969, 411 F.2d 9; Coppinger v. Townsend, 10th Cir. 1968, 398 F.2d 392; Stiltner v. Rhay, 9th Cir. 1967, 371 F.2d 420, cert. denied 387 U.S. 922, 87 S.Ct. 2038, 18 L.Ed.2d 977; United States ex rel. Lawrence v. Ragen, 7th Cir. 1963, 323 F.2d 410.

We agree with the district court that the appellant failed to allege such abuse

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

2. The text of the district court's order, omitting caption and signature, was as follows:

"Petition alleging deprivation of civil rights (42 U.S.C. § 1983), accompanied by an affidavit of poverty, has been received from Ellis Marlow Haskew, an inmate at the Florida State Prison.

Petitioner alleges that various medical problems are not being properly attended by the prison medical staff. It is apparent from the petition that petitioner is not being denied medical treatment but merely that petitioner, from his layman's point of view, does not feel that the medical care is proper. This case clearly does not contain the "exceptional circumstances" necessary to merit the interference of the federal courts in state prison administration. Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969). Therefore, it is

"ORDERED:

"1. Leave to proceed in forma pauperis for the purpose of this action is granted.

"2. This action is dismissed."

of discretion by prison officials as would be actionable. The dismissal of the complaint was correct and it is hereby affirmed.

Affirmed.