Thomas J. **FLINT**, Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 30096

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1970.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

Thomas J. Flint, pro se.

Earl Faircloth, Atty. Gen., Michael J. Minerva, Asst.Atty.Gen., Tallahassee, Fla., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petitions of a Florida state convict for the writ of habeas corpus and for damages under 42 U.S.C. § 1983 due for alleged "cruel and unusual punishment." We affirm.

Appellant alleged that he is being denied psychiatric care at the state prison, that instead he was sent to a road camp from which he twice escaped due to his mental condition, that in 1965 he was wrongly accused of participating in a riot and was placed in maximum security for thirty days. He also alleges that he filed in the state court a motion to vacate sentence on the ground of insanity, that two psychiatrists examined him and found that he was not insane, that the prison physician gave him medicine which had adverse physical reactions and caused him to set fire to his mattress.

The district court dismissed the petitions, finding no "exceptional circumstances" alleged which merit the interference of federal courts in state prison administration. Granville v. Hunt, 5th Cir. 1969, 411 F.2d 9.

As we have consistently stated, federal courts will not inquire into the adequacy of medical care provided to inmates by state prisons unless there appears an abuse of the broad discretion which prison officials possess. Haskew v. Wainwright, 5th Cir. 1970, 429 F.2d 525; Weaver v. Beto, 5th Cir. 1970, 429 F.2d 505; Carswell v. Wainwright, 5th Cir. 1969, 413 F.2d 1044. Appellant admits to being examined by two psychiatrists and that he was prescribed medication by the prison physician. Appellant has shown only that he disagrees with their medical conclusions. Nor do appellant's allegations concerning prison conditions show a violation of his constitutional rights. Granville v. Hunt, *supra*.

The judgment below is affirmed.

Affirmed.