**Freddie Bernard LAWRENCE, Jr., Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**
No. 31062
Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 7, 1971.

\* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

** Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Freddie B. Lawrence, Jr., pro se.

Earl Faircloth, Atty. Gen. of Fla., Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

The appellant, a prisoner of the State of Florida, appeals from the dismissal of his complaint brought under 42 U.S.C. § 1983 seeking damages for improper medical treatment and injunctive relief for further medical treatment. The district court dismissed the complaint for failure to state a claim upon which relief can be granted. We affirm.

In similar suits brought pursuant to 42 U.S.C. § 1983, we have held that in order to state a claim upon which relief could be granted, the complaint must allege an abuse of discretion by prison authorities in providing medical treatment for prisoners. Haskew v. Wainwright, 429 F.2d 525 (5th Cir. 1970); Roy v. Wainwright, 418 F.2d 231 (5th Cir. 1969). Since the complaint in this case fails to allege an abuse of discretion by the defendants, it was properly dismissed by the district court.

Affirmed.