Johnnie Mack **ROBINSON**, Plaintiff,

v.

**R. H. JORDAN**, Sheriff of Gray County, Texas, and Dr. Joseph W. Gates, Defendants.

Civ. A. No. 2–1288.

United States District Court,
N. D. Texas,
Amarillo Division.

March 20, 1973.

Johnnie Mack Robinson, pro se.

Bill W. Waters, Smith, Teed, Wade & Waters, Pampa, Tex., for R. H. Jordan.

John C. Chambers, Stone, Stone & Chambers, Amarillo, Tex., for Dr. Joseph W. Gates.

## ORDER OF DISMISSAL

WOODWARD, District Judge.

The instant case is an action under 42 U.S.C. § 1983 brought *pro se* by plaintiff prisoner alleging deprivation of civil rights under color of state law because of alleged inadequate medical treatment afforded petitioner while in jail in the custody of defendant Sheriff R. H. Jordan and under the medical care of defendant Dr. Joseph W. Gates, a physician charged with rendering medical care to prisoners in Gray County. Defendants move to dismiss for failure to state a cause of action upon which relief can be based. Petitioner does not seek relief under 28 U.S.C. § 2254.

In considering the motion to dismiss, the Court must accept as true all facts alleged by plaintiff. Especially in the case of a *pro se* complaint, the Court must be careful to determine whether those facts, however inartfully pleaded and presented, might under any circumstances constitute a cause of action. The facts alleged by plaintiff are in summary as follows: Plaintiff was arrested and charged with murder with malice on or about October 8, 1967. While in the custody of defendant Sheriff Jordan, he made several requests to see a doctor. On or about October 13, 1967, Sheriff Jordan took plaintiff to visit defendant Dr. Gates.

Plaintiff complained of severe abdominal and rectal pains but was denied

x-rays and tests. He was told by Dr. Gates that he had hemorrhoids and that no tests or x-rays were necessary. Dr. Gates made a digital examination, gave plaintiff a suppository as medication, and returned plaintiff to jail.

Plaintiff continued to suffer severe abdominal and rectal pains and requested repeatedly to visit Dr. Gates again. His request was not granted until December 21, 1967. Dr. Gates then again refused plaintiff x-rays and clinical tests but attempted another digital examination which plaintiff resisted because of pain. Plaintiff was given another suppository and was returned to jail.

Plaintiff further alleges that he suffered increasing pain and discomfort until February 9, 1968, when he pleaded guilty allegedly in order to receive proper medical treatment at the Texas Department of Correction. On April 10, 1968, a prison doctor diagnosed plaintiff's condition as advanced rectal cancer, and a colostomy was later performed.

■ Plaintiff here seeks money damages under 42 U.S.C. § 1983 for alleged violation of constitutional rights. He claims that defendants were negligent in treating him, denied him a "right to medical treatment," and discriminated against him by so doing. The Court disagrees, however, that the facts alleged by plaintiff, even when construed in the light most favorable to plaintiff, could under any circumstances constitute a cause of action under section 1983.

■■ It is well established that the federal courts will interfere in state prison administration only in "exceptional cases." Granville v. Hunt, 411 F.2d 9, 12 (5th Cir. 1969). In the case of medical treatment, prison officials are given a wide discretion under the civil rights statutes, and causes of action are recognized only in cases of abuse of this "broad discretion." Haskew v. Wainwright, 429 F.2d 525, 526 (5th Cir. 1970).

■ Absent an extraordinary showing of abuse of discretion, therefore, a prisoner who is given medical treatment

has no cause of action under section 1983 merely because the medical treatment may have been negligent or inadequate. In *Haskew*, plaintiff was denied needed emergency treatment as well as necessary remedial shoulder surgery, yet all relief was denied.

The applicable rule is succinctly stated in Nettles v. Rundle, 453 F.2d 889 (3d Cir. 1971):

> While such negligence [in providing medical treatment] is a tort, cognizable under state law, it does not amount to such a denial of a constitutional or federally protected right as can be redressed under [section 1983].

*See also* Lawrence v. Wainwright, 440 F.2d 379 (5th Cir. 1971) (*pro se* complaint); Reyes v. Hauck, 339 F.Supp. 195 (W.D.Tex.1972) (*pro se* complaint: no relief absent "conduct that shocks the conscience").

■ It additionally appears that a doctor hired to treat prisoners is not acting under color of state law and hence is immune from malpractice suits under section 1983 as would be a court-appointed attorney. Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972).

The only remaining question is whether an evidentiary hearing is required by decisions of the United States Supreme Court rendered subsequent to *Granville* and *Haskew*. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), was a *pro se* complaint under section 1983 claiming violation of rights by placing petitioner in solitary confinement with resulting physical injury and suffering. The Court reversed an order of dismissal in favor of defendants:

> Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by

lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' [citing cases].

In Jimenez v. Beto, 405 U.S. 910, 92 S.Ct. 989, 30 L.Ed.2d 781, (1972), petitioner filed a section 1983 complaint alleging that prison officials subjected him to mistreatment and cruel and unusual punishment. The Court in the light of *Haines* vacated the district court's dismissal, which was without a hearing, and the Fifth Circuit Court of Appeals then remanded the case for an evidentiary hearing. 468 F.2d 616 (5th Cir. 1972).

 The Court holds that the present petitioner is not entitled to a hearing under *Haines* and *Jimenez*. The purpose of *Haines* is to protect the *pro se* complainant from inartful pleading which fails sufficiently to set forth facts entitling him to relief. The allegations in *Haines* were vague and general, and the Court concluded that the pleadings were sufficient to show that plaintiff was not entitled to relief. The present case is easily distinguishable, however. Petitioner has clearly and admirably presented in detail the facts which constitute the basis of his alleged cause of action. He sets forth no vague allegations of mistreatment but cites in detail the specific instances which allegedly constitute a deprivation of rights. Since the civil rights law in regard to prison medical malpractice has been so clearly established under Haskew v. Wainwright, *supra*, and Nettles v. Rundle, *supra*, there is no doubt that the incidents of which petitioner complains cannot constitute, as a matter of law, a cause of action under section 1983, since petitioner's complaint cannot be construed as anything but one for insufficient (but not ` nonexistent) medical treatment. Hence an evidentiary hearing would be fruitless and a waste of time.

As above noted this is not an action for habeas corpus relief, but it is noted that the plaintiff in this case has heretofore filed his application for writ of habeas corpus in this court in Robinson v. Beto, Civil Action No. 2–1024, in which he asserted, among other grounds, that his plea of guilty was coerced because of pain growing out of the medical treatment. Such application for writ of habeas corpus was denied by this Court on May 19, 1971, and the denial has been affirmed by the United States Court of Appeals for the Fifth Circuit in Robinson v. Beto, 453 F.2d 384 (1972). Therefore the complaint in this case cannot be construed as one for damages because of denial of his civil rights resulting from a coerced plea of guilty while suffering pain. The previous affirmed judgment of this Court establishes that the plaintiff in this suit was not subject to an involuntary and coerced plea of guilty because of the pain he alleges.

Accordingly, petitioner's complaint is hereby dismissed.

Costs are taxed against plaintiff.