UNITED STATES of America, Plaintiff,

v.

UVALDE CONSOLIDATED INDEPEN-
DENT SCHOOL DISTRICT, Cecil Ar-
nim, Jr., President, Billie Bailey, Vice
President, Robert L. Jacobs, Secretary,
J. A. Laning, Jr., Member, Dean P. Dim-
mitt, Member, Dan Davis, Member,
Tommy Morriss, Member, Defendants.

Civ. A. No. DR–77–CA–20.

United States District Court,
W. D. Texas,
Del Rio Division.

Oct. 25, 1978.

Griffin B. Bell, Atty. Gen., by Drew S.
Days, III, Asst. Atty. Gen., Dept. of Justice,

Washington, D. C., Jamie C. Boyd, U. S. Atty., San Antonio, Tex., Gerald W. Jones and Harvey B. Knudson, Jr., Attys., Civ. Rights Div., Dept. of Justice, Washington, D. C., for plaintiff.

Grant Cook and Jeffrey A. Davis, Houston, Tex., for defendants.

MEMORANDUM OPINION AND ORDER

JOHN H. WOOD, Jr., District Judge.

On September 19, 1977, the United States of America brought this suit against the Uvalde Consolidated Independent School District and the members of its Board of Trustees claiming that "as a result" of the at-large election of Board members in the Uvalde School District, Mexican-American residents have less opportunity than do "White residents" to participate in the electoral process and to elect Board members of their choice. The Complaint alleges that the use of the at-large method of election violates 42 U.S.C. § 1971(a)(1) and 42 U.S.C. § 1973c. Statutes giving the United States authority to institute this action for the claimed deprivation of the rights of others are alleged to be 42 U.S.C. § 1971(d) and 42 U.S.C. § 1973j(f). The Defendants have moved, pursuant to F.R.C.P. 12(b)(6), to dismiss the Complaint for failure to state a claim upon which relief may be granted.

The basic thrust of Defendants' Motion to Dismiss is twofold:

(1) Sections 1971(a)(1) and 1973 of Title 42 do not apply to and prohibit the maintenance of an at-large method of election for school board members and, therefore, the Attorney General has no authority to bring this suit, and

(2) If those two statutory provisions do apply in this case and the Attorney General does have authority to bring this suit, then he must allege and prove discriminatory intent or purpose.

The United States argues, in opposition to the Motion, that 42 U.S.C. § 1971(a)(1) and 42 U.S.C. § 1973 were enacted to enforce, to the fullest extent, the Fifteenth Amendment, and the Fifteenth Amendment prohibits an at-large system of election of school board members if it dilutes the voting strength of Mexican-American residents. It is further argued that a discriminatory intent or purpose is not an element of its cause of action.

I.

42 U.S.C. § 1971(a)(1) provides that all citizens of the United States who are otherwise qualified by law to vote shall be entitled and allowed to vote without distinction of race, color, or previous condition of servitude. The Attorney General may institute for the United States, or in the name of the United States, a suit for *preventive* relief when any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice which would deprive a person of any right or privilege secured by Subsection (a). 42 U.S.C. § 1971(c).

42 U.S.C. § 1973 provides that no voting qualification or prerequisite to voting, or standard, practice or procedure shall be imposed or applied by any state or political subdivision to deny or abridge the right of any citizen to vote on account of race, color or language minority group status. As in the case of § 1971(a), the Attorney General is authorized to bring suit for *preventive* relief whenever any person has engaged in or appears to be about to engage in an act or practice prohibited by § 1973.

The United States' position is that as a result of the at-large system of election, Mexican-Americans in the Uvalde School District have less opportunity than others to participate in the political process and to elect members of the Board of Trustees of their choice. Therefore, it is claimed, the continued maintenance of this system frustrates the right of Mexican-Americans to a full, unabridged, and undiluted vote in elections for the Board of Trustees. The United States then relies on 42 U.S.C. § 1971(e) and, apparently, § 1973*l*(c)(1) which define the term "vote" to mean all action necessary to make a vote effective.

## A. *Section 1971(a).*

█ This section of the civil rights statutes was enacted under the authority of the enforcement clause of the Fifteenth Amendment. It provides a cause of action for a violation of at least some of the rights guaranteed by that amendment. *United States v. Raines*, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). In *State of South Carolina v. Katzenbach*, 383 U.S. 301, 311–312, 86 S.Ct. 803, 810, 15 L.Ed.2d 769, 777, (1966), the Supreme Court discussed the kinds of discriminatory procedures nullified in suits brought under this statute and the Fifteenth Amendment. Involved in the cases cited by the Court and invalidated were "grandfather clauses", "procedural hurdles", "the White primary", "improper challenges", "racial gerrymandering" and "discriminatory application of voting tests"; that is, procedures prohibiting minorities from voting. The Complaint here does not allege such a case.

The wording of § 1971(a) demonstrates its inapplicability to a challenge to an at-large method of election. There is no allegation that any citizen "otherwise qualified by law to vote at any election" is not "entitled and allowed to vote at all such elections". Reading this statute to include the more expansive definition of voting contained in § 1971(e) does no more to assist the United States in its contentions. The Complaint still does not allege that any citizen otherwise qualified to vote is not entitled and allowed to take any or all "action necessary to make a vote effective".

Several cases are cited by the Plaintiff in support of its contention that the Fifteenth Amendment and § 1971(a) prohibit the maintenance of an at-large system under the circumstances alleged here. Although in some of the cited opinions there is language used which would seem to support the Plaintiff's position, the cases cited are not controlling because a challenge to an at-large system of election was not involved in the case, or, the plaintiffs in the case, generally private plaintiffs, asserted a cause of action under 42 U.S.C. § 1983 and the Fourteenth Amendment. For example,

in *Gray v. Main*, 309 F.Supp. 207 (M.D.Ala., N.D.1968), the court made a statement to the effect that actions diluting the plaintiffs' right to vote would violate the Fifteenth Amendment and 42 U.S.C. § 1971(a). 309 F.Supp. at 212. However, in that case the basis for the complaint was that defendant election officials permitted numerous White persons to cast illegal ballots with the purpose of increasing the voting strength of Whites. An at-large system was not in issue. Furthermore, plaintiffs also asserted 42 U.S.C. § 1983 and the Fourteenth Amendment as grounds for their cause of action.

After reviewing the cases cited by both parties, it is apparent that there are no cases in which the issue presented here has been authoritatively adjudicated.

As stated above, the United States argues that § 1971(a) enforces the Fifteenth Amendment which in turn prohibits the maintenance of at-large election systems under the circumstances alleged here. However, those cases in which an at-large system has been struck down as violative of the rights of minority residents have all been based on the standards announced by the Supreme Court in *Whitcomb v. Chavis*, 403 U.S. 124, 91 S.Ct. 1858, 29 L.Ed.2d 363 (1971) and *White v. Regester*, 412 U.S. 755, 93 S.Ct. 2332, 37 L.Ed.2d 314 (1973). These two cases involved claims made under 42 U.S.C. § 1983 and the Fourteenth Amendment rather than the Fifteenth Amendment. Mr. Justice Stewart, speaking for the court in *Beer v. United States*, 425 U.S. 130, 96 S.Ct. 1357, 47 L.Ed.2d 629 (1976), made the following statement applicable to the question presented here:

"It is possible that a legislative reapportionment could be a substantial improvement over its predecessor in terms of lessening racial discrimination, and yet nonetheless continue so to discriminate on the basis of race or color as to be unconstitutional. The United States has made no claim that Plan II suffers from any such disability, nor could it rationally do so.

*"There is no decision in this Court holding a legislative apportionment or reapportionment violative of the Fifteenth Amendment. . . . But in at least four cases the Court has considered claims that legislative apportionment violated the Fourteenth Amendment rights of identifiable racial or ethnic minorities. See Fortson v. Dorsey, 379 U.S. 433, 439, 85 S.Ct. 498, 501, 13 L.Ed.2d 401, 405; Burns v. Richardson, 384 U.S. 73, 86–89, 86 S.Ct. 1286, 1293–1295, 16 L.Ed.2d 376, 387–389; Whitcomb v. Chavis, 403 U.S. 124, 149, 91 S.Ct. 1858, 1872, 29 L.Ed.2d 363, 379; White v. Regester, 412 U.S. 755, 93 S.Ct. 2332, 37 L.Ed.2d 314."* 425 U.S. at 142, 96 S.Ct. at 1364, n. 14 (emphasis added).

Thus, there is no Supreme Court authority in support of the position taken here by the United States.

The recent case of *Nevett v. Sides*, 571 F.2d 209 (5th Cir. 1978), rehearing en banc denied, 575 F.2d 300, seems to go farther than has the Supreme Court in deciding that a cause of action may be stated under the Fifteenth Amendment in a case involving an at-large election system. 571 F.2d at 220–221. *Nevett*, however, cannot be considered as controlling this case. There, private plaintiffs brought suit under the authority of 42 U.S.C. §§ 1981 and 1983 alleging violations of the Fourteenth and Fifteenth Amendments. The issue addressed by the court was whether or not intent is a necessary element in a cause of action in which it is claimed that an at-large method of election dilutes the voting strength of racial or ethnic minorities. The court held that it was.

Except for one, the cases cited by the court in the *Nevett* opinion in its discussion of dilution under the Fifteenth Amendment were not at-large election system cases. The one exception is the case of *Bradas v. Rapides Parish Police Jury*, 508 F.2d 1109 (5th Cir. 1975). The *Bradas* case is one which, in the opinion of the court in *Nevett*, exemplifies the rule that discriminatory intent is a necessary element of a Fifteenth Amendment cause of action challenging an at-large election system. In *Bradas*, the District Court struck down a reapportionment plan for the Rapides Parish Police Jury and School Board "as violative of the Fifteenth Amendment". 508 F.2d at 1110. However, the court also notes that the suit was one in which Fourteenth and Fifteenth Amendment rights were specifically at issue. 508 F.2d at 1111, n. 5.

Nevertheless, neither *Bradas* nor *Nevett* were brought by the Attorney General under the authority of 42 U.S.C. § 1971(a); in neither case was the issue presented here fully considered. See *Nevett v. Sides, supra*, 571 F.2d at 213, n. 3.

The cases decided under § 1971(a) referred to in *State of South Carolina v. Katzenbach, supra*, discussed above, lead this Court to believe that this statutory provision does not give the United States the cause of action herein claimed. Furthermore, the wording of § 1971(a) is sufficiently narrow to lead the Court to believe that Congress did not intend that it proscribe the maintenance of the challenged structural device (at-large elections) on which the entire Uvalde School District election system is founded. If § 1971(a) were as broad in scope as alleged by the United States to be there would have been no need for Congress to enact 42 U.S.C. § 1973 which, on its face, appears to be broader in its applicability. For these reasons, this Court holds that the United States has failed to state a claim under 42 U.S.C. § 1971(a) upon which relief may be granted.

B. *Section 1973.*

The United States argues that § 1973 (Section 2 of the Voting Rights Act) was intended by Congress to have a reach coextensive with the reach of the Fifteenth Amendment. It is further argued that the United States has successfully prosecuted a dilution case brought pursuant to § 1973, *Paige v. Gray*, 399 F.Supp. 459 (M.D.Ga., 1975), vacated and remanded, 538 F.2d 1108 (5th Cir. 1976), order entered on remand, 437 F.Supp. 137 (1977). Other "dilution" cases assertedly decided under § 1973 and

urged on the court by the United States as support for its cause of action here are *Black Voters v. McDonough (Boston School Committee)*, 421 F.Supp. 165 (D.Mass., 1976), aff'd, 565 F.2d 1 (1st Cir. 1977); *Bolden v. City of Mobile*, 423 F.Supp. 384 (S.D. Ala., 1976), aff'd, 571 F.2d 238 (5th Cir. 1978); *Gray v. Main*, 309 F.Supp. 207 (M.D. Ala., 1968). However, contrary to the assertions of the United States, these cases are not on point.

In *Paige v. Gray, supra*, Black citizens of Albany, Georgia, alleging deprivation of their rights under the Fourteenth and Fifteenth Amendments, filed suit seeking to invalidate the at-large system of electing city commissioners. Some eight months later, the United States filed a separate complaint "also seeking to invalidate said at-large election system on constitutional grounds." 399 F.Supp. at 460. The statutory bases for the complaints of the private citizens and the United States are not set out in the opinion. Nevertheless, the District Court held that the at-large method violated the rights of Black citizens of Albany "under the Fifteenth Amendment as it was interpreted by the Supreme Court in *Gomillion v. Lightfoot*, 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110 (1960)." 399 F.Supp. at 461. This case is not controlling because there is no indication that § 1973 (or, for that matter, § 1971(a)) was the basis for this holding. Furthermore, the decision of the Fifth Circuit, vacating the decision of the District Court, demonstrates the inapplicability of the Fifteenth Amendment and *Gomillion v. Lightfoot, supra*, to an at-large system of election.

On appeal, the defendant City of Albany, contested the ruling on the merits, "specifically questioning the applicability of *Gomillion* to the facts of this case." 538 F.2d at 1110; implicitly, the applicability of the Fifteenth Amendment was at issue. The Fifth Circuit Court agreed with the City, vacated the District Court's decision and remanded for consideration of the evidence in light of the Fourteenth Amendment cases, i. e., *White v. Regester*, 412 U.S. 755, 93 S.Ct. 2332, 37 L.Ed.2d 314 (1973) and its progeny.

*Black Voters v. McDonough, supra*, was a suit brought, unsuccessfully, to challenge the at-large election of members of the Boston School Committee. This case, also, is not controlling. First, the suit was brought by private citizens "under 42 U.S.C. §§ 1971, 1973, 1981 and 1983, and the First, Thirteenth, Fourteenth and Fifteenth Amendments of the United States Constitution." 421 F.Supp. at 167. Thus, § 1973 and the Fifteenth Amendment did not constitute the sole basis for the suit. Second, there is no indication in the opinion of either court that the issue presented here was addressed. Third, although the claims and evidence were considered, plaintiffs were unsuccessful.

*Gray v. Main, supra*, also cited by the United States in support of their cause of action, did not involve a challenge of an at-large method of election. Furthermore, the plaintiffs in that case also urged § 1983 and the Fourteenth Amendment as grounds for the relief sought. Therefore, this case, too, is not controlling.

The last case urged on the Court by the United States as authority for a § 1973 challenge of an at-large method of election is *Bolden v. City of Mobile, supra*. In that case, Black citizens of Mobile, Alabama secured a judgment in the District Court holding the at-large method of election of city commissioners unconstitutional under *White v. Regester, supra*, and its Fifth Circuit progeny. The judgment was affirmed on appeal. The Supreme Court recently granted the City's petition for writ of certiorari but, apparently, not on the issue raised in the instant case. 436 U.S. 902, 98 S.Ct. 2229, 56 L.Ed.2d 399. Although § 1973 was one statute claimed to support plaintiff's cause of action, plaintiffs also alleged that the system was in violation of § 1983 and the Fourteenth Amendment to the Constitution. 571 F.2d at 242. Furthermore, in that opinion, the court makes a statement which not only does not support the position of the United States, but also, is contrary to that position.

After discussing the fact that claims were made under §§ 1973, 1983, and 1985(3), the

appellate court noted that the District Court did not rest its final decision on the merits on any of the statutory claims, "but found the plan unconstitutional under the dilution precedents of the Supreme Court and this circuit", citing *White v. Regester, supra,* and *Zimmer v. McKeithen,* 485 F.2d 1297 (5th Cir. 1973) (en banc), aff'd on other grounds, sub nom. *East Carroll Parish School Bd. v. Marshall,* 424 U.S. 636, 96 S.Ct. 1083, 47 L.Ed.2d 296 (1976). 571 F.2d at 242, n. 3. The Fifth Circuit Court acknowledged the general principle that the federal courts should avoid decision on constitutional grounds if an adequate statutory ground is available. However, in this case, the district court was not faulted for basing its decision on constitutional grounds because, as the court noted,

*"The statutory claim was at best problematic; this court knows of no successful dilution claim expressly founded on 42 U.S.C. § 1973."* 571 F.2d at 242, n. 3 (emphasis added).

This statement leads the court back to the starting point: No court has expressly held that a complaint challenging the continued maintenance of an at-large election system states a claim upon which relief may be granted under § 1973 (or § 1971(a)) and the Fifteenth Amendment. Furthermore, and one step removed, no court has expressly given the Attorney General the authority to institute such a challenge.

This Court is unwilling in this case to expand the scope of § 1973 (and § 1971(a)) beyond the scope established by the Supreme Court and the Fifth Circuit Court of Appeals. As noted above, the Supreme Court has stated that there is "no decision in this Court holding a legislative apportionment or reapportionment violative of the Fifteenth Amendment." *Beer v. United States, supra,* 425 U.S. at 142, 96 S.Ct. at 1364, n. 14.

Another reason for my unwillingness to expand the reach of the statutes and the Fifteenth Amendment is the following statement of Mr. Justice Rehnquist, in a concurring opinion joined by Chief Justice Burger and Justices Stewart and Powell, in a recent "dilution" case:

"While this Court has found that the use of multimember districts in a state legislative apportionment plan may be invalid if 'used invidiously to cancel out or minimize the voting strength of racial groups,' *White v. Regester,* [citation omitted], we have never had occasion to consider whether an analogue of this highly amorphous theory may be applied to municipal governments. Since petitioners did not preserve this issue on appeal, we need not today consider whether relevant constitutional distinctions may be drawn in this area between a state legislature and a municipal government. I write only to point out that the possibility of such distinctions has not been foreclosed by today's decision." *Wise v. Lipscomb,* 437 U.S. 535, 98 S.Ct. 2493, 2502, 57 L.Ed. 411 (1978).

It is the opinion of this Court, who has had experience in the area of legislative redistricting (see *Graves v. Barnes,* 343 F.Supp. 704 (W.D.Tex.1972) aff'd sub nom. *White v. Regester, supra* ), that there are indeed relevant constitutional distinctions between a legislative districting scheme and the method of election of volunteer school board members in a relatively small west Texas school district.

■ Here, the dismissal of this suit does not foreclose the right of private citizens in the School District to assert any claimed deprivation of rights. Rather, the Court is holding that the Attorney General, in the name of the United States, has no cause of action under 42 U.S.C. § 1971(a) and 42 U.S.C. § 1973 when he alleges that as a result of the at-large method of election Mexican-American residents have less opportunity than do others to participate in the political process.

## II.

■ In addition to what has been set out above, the Complaint of the United States fails to state a claim upon which relief may be granted because it fails to allege any discriminatory intent or purpose on the part of the Defendants. That such an intent or

purpose is a requisite element in a cause of action under either the Fourteenth or Fifteenth Amendments has been conclusively decided by the Fifth Circuit Court of Appeals in *Nevett v. Sides, supra.*

This Court sees no reason for any distinction between those constitutional amendments and § 1971(a) and § 1973, insofar as intent is concerned, in a case such as this challenging an already operational at-large election system. This is particularly true under § 1973 where the language of the statute itself imposes such a requirement. This section of the Voting Rights Act provides as follows:

> "No voting qualification or prerequisite to voting, or standard, practice, or procedure shall be imposed or applied by any State or political subdivision *to* deny or abridge the right of any citizen of the United States to vote on account of race or color, or in contravention of the guarantees set forth in § 1973b(f)(2) of this title." (Emphasis added).

The intent requirement is obvious to this Court from the use of the word, emphasized in the quotation above, "to". The word "to" is merely a contraction of the phrase "in order to", or in other words, "for the purpose of" or "with the intention of". As the court in *Nevett v. Sides, supra,* stated with respect to the Fifteenth Amendment, the intent requirement is "apparent on the face of the" statute. 571 F.2d at 221.

The failure to allege discriminatory intent or purpose, when a necessary element of a cause of action, is fatal to the complaint; dismissal in this event is proper. *Granville v. Hunt,* 411 F.2d 9, 11 (5th Cir. 1969).

For these reasons, each equally sufficient, the Court is of the opinion that the Complaint of the United States fails to state a claim upon which relief may be granted. It is therefore,

ORDERED, ADJUDGED and DECREED that the Motion to Dismiss be and hereby is GRANTED. Plaintiff has twenty (20) days in which to amend the Complaint, failing which, it will be dismissed with prejudice.