Paul L. FAIRBANKS, etc., Plaintiff,

v.

CITY OF BRADENTON BEACH, et al., Defendants.

No. 89–644–CIV–T–17(A).

United States District Court,
M.D. Florida,
Tampa Division.

March 2, 1990.

Frederick Allen Garcia, Tampa, Fla., for plaintiff.

Gregory W. Hootman, Sarasota, Fla., Ralph J. Mattice and Alan Hardy Prather, Chartered, Bradenton, Fla., for defendants.

ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to dismiss the amended complaint, filed January 8, 1990, and response thereto, filed January 31, 1990.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

This Court previously, by order of September 6, 1989, dismissed three (3) defendants from this case; dismissed Count I and Count II, as to violation of the First Amendment; and required Plaintiff file an amended complaint. The amended complaint was filed on January 4, 1990, and contained the following counts: 1) violation of § 112.3187, Fla.Stat., the Florida Whistleblower's Act; 2) an action for declaratory relief pursuant to Ch. 86, Fla. Stat.; and 3) violation of 42 U.S.C. § 1983 and the First,

Fifth, and Fourteenth Amendments of the Constitution of the United States.

The complaint contains the following factual allegations, which the Court must take as "fact" for the purpose of evaluation of the motion to dismiss. The Court notes that the factual allegations of the amended complaint are identical to the factual allegations of the original complaint. The Court therefore adopts and reiterates the "facts" found relevant in its September 6, 1989, order:

1. Plaintiff was appointed to the position of Chief of Police of the City, on or about November 3, 1988, by the then elected members of the Council.

2. Plaintiff, upon appointment, reopened investigations into an apparent arson, a homicide, and qualification and election wrongdoings of candidates for upcoming election to the Council. Plaintiff alleges information obtained in the reinvestigation of these matters indicated, respectively, that: the fire was probably arson and the original investigation was not extensive enough; there was a prima facie case of homicide; and that the original investigation of the election matter was incomplete and did not follow logical leads.

3. In the course of the investigation of the election matter, Plaintiff found probable cause to believe that perjury, subornation of perjury and/or other misconduct had been perpetrated by public officials and others. Such probable cause was reported to the Mayor and Council Chairperson, Linda Barrett–O'Neill, on or about December 1, 1988, and, on her request, to the Governor of the State of Florida, on or about December 5, 1988. The information was also promulgated to a member of the Council, on request; the Manatee County Property Appraiser's Office; the Manatee County State Attorney's Office; the Office of the Supervisor of Elections of Manatee County; the Florida Department of Law Enforcement; and, after the election, to the Council.

4. The Mayor admonished Plaintiff and virtually ordered him to cease the three (3) previously mentioned investigations.

5. On or about December 12, 1988, defendant Howard O. Herman, newly elected Council member, called a special meeting of the Council for the purpose of discussing the issue of "police personnel." The Council voted to, and did, discharge and terminate Plaintiff's employment with the City, effective on or about December 13, 1988.

Count I of the original and amended complaints allege violation of § 112.3187, Fla. Stat. The Court dismissed Count I from the original complaint for failure to allege compliance to the requirement for exhaustion of administrative remedies. In the amended complaint, Plaintiff adds paragraph 32, which states that all administrative or contractual remedies have been pursued prior to institution of the suit. Plaintiff also adds paragraph 30, stating:

That the above-named Defendants, acting together in concert, have conspired to cease Plaintiff's investigations into the above-named three (3) matters, and particularly into the election and/or qualifications of the members of the City Council and Mayor by scheming, plotting, and otherwise conspiring to terminate the employment of the Plaintiff as Chief of Police of Bradenton Beach on December 13, 1988; that Plaintiff contends that, becasue (sic) of the nature of the discrepancies and irregularities in the election and qualification of the members of the City Council and Mayor's Office, said City Council members and Mayor decided to terminate the services of Plaintiff in order to prevent the aforesaid facts, uncovered by Plaintiff, from being brought into the public eye; that Plaintiff was, therefore, terminated due to this conspiracy of the Defendants.

Defendants assert that the amended complaint provides only conclusory allegations of conspiracy, which are insufficient to state a claim for conspiracy under the Whistle-blower's Act claim. Plaintiff contends that the totality of the amended complaint is sufficient to state a cause of action for conspiracy and that he has actually exceeded the minimum notice pleading requirement of Rule 8, Fed.R.Civ.P.

A conspiracy involves the combination or confederation of two or more persons, formed for the purpose of committing, by joint effort, some unlawful act and occurs when the conspirators agree to engage in the unlawful act or to aid another in the planning or commission of the unlawful act. *Black's Law Dictionary*, Fifth Ed. (1979). Recitation of only conclusory statements that a conspiracy existed is insufficient; there must be factual underpinnings for the conclusions before the complaint is found to be sufficient to state a claim. *Granville v. Hunt*, 411 F.2d 9 (5th Cir. 1969).

■ The Court has thoroughly reviewed the amended complaint in this case and is in agreement with Defendants. The complaint does not make one factual allegation that any defendant combined with any other defendant, or with any third person to commit the unlawful act alleged here, the dismissal of Plaintiff from his employment. Plaintiff has not alleged, in either the original or amended complaint, agreement between any two or more persons to deprive Plaintiff of his job. Each Defendant may have individually engaged in efforts to depose Plaintiff from his employment, but that is insufficient to state a claim for conspiracy; there must be allegations of agreement to do so. The amended complaint fails, yet again, to sufficiently allege conspiracy and Count I must be dismissed.

Having found that Count I should be dismissed, Count II (declaratory judgment) must be dismissed also insofar as it seeks to allege a conspiracy claim as to the individual defendants.

Count III of the amended complaint is essentially identical to Count II of the original complaint. The Court in its previous order dismissed the alleged violation of the Fifth Amendment, through the Fourteenth Amendment, for failure to state a cause of action. The Court finds no reason, after consideration of Plaintiff's renewed Fifth Amendment claims, to revise its previous ruling. Therefore, Count III, of the amended complaint, will be dismissed only as to the alleged violation of the Fifth Amendment, through the Fourteenth Amendment.

Sections III, IV, V, VII, and VII of Defendants' motion to dismiss related to rulings already made by this Court in regard, respectively, to Plaintiff's standing as Chief of Police; Plaintiff's standing to sue for the State; failure to state a claim for conspiracy; electoral qualification of defendants; and assessment of punitive damages as to the City. Finding no reason to amend its previous rulings, the Court readopts its September 6, 1989, order as to these issues and will grant the motion to dismiss the amended complaint on these issues.

The original and amended complaints also make a claim for violation of 42 U.S.C. § 1983. Defendants seek to dismiss that claim insofar as it related to Defendant City of Bradenton Beach, stating that the complaints improperly seek to impose vicarious liability or liability by means of *respondeat superior.*

■ A local government unit cannot be made liable under § 1983 based on the doctrine of *respondeat superior* or vicarious liability. *Monnell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Only where an official municipal policy caused the constitutional tort may the government entity be liable. *Monnell*, at 691, 98 S.Ct. at 2036. However, a municipality may be liable for a single decision by its properly constituted legislative body. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986).

■ The Court finds that the complaint sufficiently alleges a cause of action against Defendant City pursuant to § 1983. There are factual questions as to whether the Council was a properly constituted legislative body, which by the single decision to fire Plaintiff, established official government policy, which amounted to a constitutional tort. Accordingly, it is

ORDERED that the motion to dismiss be granted, in part and denied in part, in accordance with the preceding opinion; that

Count I of the amended complaint be dismissed, with prejudice; that Count II be dismissed, with prejudice, insofar as it alleges a conspiracy under § 112.3187, Fla. Stat., as to individual defendants; that part of Count III alleging violation of the Fifth Amendment, through the Fourteenth Amendment, be dismissed, with prejudice; the claim of Plaintiff in his official capacity as the Chief of Police of the City of Bradenton Beach be dismissed, with prejudice, for lack of standing; to whatever extent the complaint seeks to have this Court declare the November, 1988, City Council election illegal and/or invalid and to have the elected members declared to be illegally holding office, the complaint be dismissed, with prejudice; claims brought on behalf of the State of Florida be dismissed, with prejudice; insofar as the complaint attempts to state a cause of action for conspiracy, it be dismissed; and claims for punitive damages against the City of Bradenton Beach be dismissed, with prejudice. Defendant shall have ten (10) days from the date of this order in which to answer the remaining claims of this cause of action.

DONE and ORDERED.