Darryl **CHESNEY,** Plaintiff-Appellant,

v.

Timothy **HILL** and Ronald Andrus,
Defendants-Appellees.

No. 86–5056.

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 29, 1987.

Decided March 10, 1987.

Raymond A. Shirley, Jr., Lockett, Slovis and Weaver, Knoxville, Tenn., for plaintiff-appellant.

Richard L. Hollow, Bruce A. Anderson, Knoxville, Tenn., for defendants-appellees.

Before ENGEL, KRUPANSKY and NORRIS, Circuit Judges.

PER CURIAM.

Darryl Chesney appeals the judgment entered upon a jury verdict in the United States District Court for the Eastern District of Tennessee. Chesney brought suit under 42 U.S.C. § 1983 against Timothy Hill and Ronald Andrus, police officers of the City of Oak Ridge, Tennessee, for injuries sustained as a result of an accident in which plaintiff's motorcycle hit a car that had stopped at an alleged roadblock that one of the defendants had established. The other defendant earlier had unsuccessfully attempted to stop plaintiff at another site.

The facts indicated that plaintiff had been speeding on his motorcycle late one night through Oak Ridge, and eluded a police chase by leaving the jurisdiction. However, he then reentered the city over the same route at a high rate of speed, eluding defendant Hill, who notified defendant Andrus that a motorcycle was approaching his position at a speed in excess of 100 miles per hour. Defendant Andrus parked his car near an intersection approximately 1000 feet below the crest of a hill the plaintiff would be approaching. When Andrus saw headlights, he flashed his blue lights, and a car, which Andrus had mistakenly assumed was the motorcycle, slowed or stopped as it approached the flashing lights. Plaintiff shortly thereafter approached the hill, and Officer Andrus moved his car into one of the lanes of the road plaintiff was traveling upon, adjacent to the stopped car. Plaintiff then tried to pass the stopped car on the side opposite the police car, but hit the stopped car a speed in excess of 40 miles per hour, sustaining severe injuries.

On appeal, Chesney challenges the district court's submission to the jury of a defense of qualified or good faith immunity, its instructions pertaining to "knowing" acts, and alleges that the jury verdict lacks the support of substantial evidence.

On a careful review of the briefs and record in this appeal, we find the claims of error asserted by appellant to be without merit. The plaintiff's cause of action at best alleged negligence on the part of the defendants not cognizable as a Fourteenth Amendment "deprivation" of liberty in an action brought under 42 U.S.C. § 1983. *See particularly Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Nor was there any violation of plaintiff's Fourth Amendment rights.

AFFIRMED.