885 F.2d 871
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter James KINARD, Plaintiff-Appellant,
v.
Lloyd MAY; Ms. Newstead; Linda Nelson, Defendants-Appellees.
 No. 89-1435.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1989.
 
 1
 Before MERRITT and KRUPANSKY, Circuit Judges, and CHARLES R. SIMPSON, III, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Walter James Kinard moves for a temporary restraining order and appeals from the district court's judgment dismissing his prisoner civil rights suit filed pursuant to 42 U.S.C. Sec. 1983 as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 4
 Kinard claimed that the defendants negligently refused to replace his defective shoe, and that, as a result, he tripped and injured himself as he was climbing stairs. He claimed that he was knocked unconscious for approximately three minutes, was ordered to wear a neck brace, was restricted to his cell for one week, and was unable to participate in sports for four months. Only after his accident was he issued a new pair of shoes. The defendants are the warden and prison officials at Scotts Regional Correctional Facility. Kinard requested compensatory and punitive damages, and injunctive relief.
 
 
 5
 The district court dismissed the complaint as frivolous as negligence does not support a claim for relief under Sec. 1983, and for failure to state a claim against defendant May.
 
 
 6
 On appeal, Kinard argues that the district court incorrectly dismissed his complaint because the defendants were deliberately indifferent to his needs.
 
 
 7
 As an initial matter, Kinard's motion for a temporary restraining order preventing the defendants from transferring him to another prison is without merit as there is no inherent constitutional right to placement in any particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245-51 (1983). Nor has Michigan created such a liberty interest; transfer of prisoners is within the corrections cabinet's discretion. See Mich.Comp.Laws Ann. Sec. 791.265 (West 1988).
 
 
 8
 Next, the district court correctly dismissed Kinard's suit as frivolous because it lacks an arguable basis in law or fact. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). At best, Kinard's allegations support a claim that the defendants were negligent in not supplying him with another pair of shoes. Mere negligence is not actionable under Sec. 1983. Chesney v. Hill, 813 F.2d 754, 755 (6th Cir.1987) (per curiam).
 
 
 9
 Finally, the district court correctly dismissed Kinard's complaint against defendant May as Kinard did not allege that May condoned, encouraged, or participated in the alleged conduct. See Alioto v. City of Shively, 835 F.2d 1173 (6th Cir.1987).
 
 
 10
 For these reasons, Kinard's motion for a temporary restraining order is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles R. Simpson, III, U.S. District Judge for the Western District of Kentucky, sitting sitting by designation