886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald G. TAYLOR, Plaintiff-Appellant,
v.
Richard D. CUNNINGHAM, Defendant-Appellee.
 No. 89-1187.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ronald G. Taylor moves for counsel and for extension of time to file his brief, and appeals from the district court's judgment granting the defendant's motion for summary judgment in this prisoner civil rights suit filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Taylor claimed that the defendant, a Michigan Department of Corrections officer, failed to release him from his cell on May 13, 1988, in order to attend religious services and that this violated his constitutional rights to equal protection and due process. Taylor requested monetary damages.
 
 
 4
 Upon review of the defendant's motion for summary judgment, Taylor's response, the magistrate's report and recommendation, and Taylor's objections, the district court decided that the defendant had not violated Taylor's constitutional rights, and granted defendant's motion for summary judgment.
 
 
 5
 On appeal, Taylor argues that the defendant denied him access to the courts by confiscating all of his legal papers.
 
 
 6
 As an initial matter, Taylor's argument that the defendant denied him access to the courts was not raised in the district court and, thus, will not be considered for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987). Taylor may, however, assert this claim in a new lawsuit.
 
 
 7
 In addition, Taylor has not raised the issue of whether the defendant violated his equal protection and due process rights on appeal and, thus, it is considered abandoned and will not be reviewed by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). In any event, the district court correctly decided that this incident in which Taylor was denied attendance at a religious service amounts to, at most, mere negligence. This does not constitute a ground for relief under Sec. 1983. See Chesney v. Hill, 813 F.2d 754 (6th Cir.1987) (per curiam).
 
 
 8
 Finally, Taylor's motion for extension of time to file his appellate brief will be denied as moot as he filed that document on July 10, 1989.
 
 
 9
 For these reasons, the motions for counsel and for extension of time to file appellant's brief are hereby denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.