895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dr. Isaya MWONYONYI, Plaintiff-Appellant,
v.
R. GIESZL, Marshal Staker, Captain Schnell, Colonel Whalin,
Sgt. Ron Howard, Harvey Sloan, M.D., B. Keefe Montgomery, A.
Thomas Johnson, Rose Cooke, Vincent Eiden, Jefferson County,
Kentucky, Ernest Jasmin, Officer Leedy, Richard Sohen,
William Scott, Dennis McKiernan, William Radigan, Donald
Ingwerson, Judge Charles Scott, Sharon Brown, Defendants-Appellees.
 No. 89-5495.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1990.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and various motions filed by both the appellant and appellees, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Isaya Mwonyonyi has filed several miscellaneous motions requesting the court to recuse itself, to transfer his case to the District of Columbia Circuit Court of Appeals, and to allow the United Nations Commissioner of Stateless Persons to appoint him counsel. Mwonyonyi appeals from the district court's judgment granting summary judgment to all defendants in this suit filed pursuant to 42 U.S.C. Sec. 1981, Sec. 1983, Sec. 1985 and Sec. 1986. On appeal, several defendants have filed motions to dismiss for want of prosecution, responses to Mwonyonyi's motions, and motions seeking sanctions against Mwonyonyi for filing papers with this court that are filled with libelous, scurrilous, and highly inflammatory statements against the defendants, their counsel, and the state and federal judiciaries.
 
 
 3
 Mwonyonyi claimed that his constitutional rights were violated when he attempted to file charges against defendant Cooke, who was allegedly harassing him. Mwonyonyi claimed that he tried to end his relationship with Cooke after he discovered she was married. Cooke began harassing him, and eventually fired shots through his apartment window. Mwonyonyi claimed that his constitutional rights were violated during the process of filing charges against Cooke. He requested injunctive and monetary relief. (Ultimately, the case went to a state grand jury which refused to indict Cooke.)
 
 
 4
 After reviewing the defendants' answers and motions to dismiss, Mwonyonyi's responses, the magistrate's report and recommendation, and Mwonyonyi's objections, the district court granted summary judgment for all defendants, deciding that Mwonyonyi failed to state a cause of action against any defendant.
 
 
 5
 Mwonyonyi has failed to file an appellate brief. However, we conclude that the motions and papers Mwonyonyi has filed on appeal shall be construed as his appellate brief. He raises essentially the same arguments in the motions and papers as he did in his district court pleadings.
 
 
 6
 Upon consideration, we conclude that the district court properly granted summary judgment for the defendants as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The district court correctly dismissed Mwonyonyi's complaint for failing to allege violations of 42 U.S.C. Sec. 1985 and Sec. 1986. Section 1985 creates a cause of action against those who conspire to obstruct justice, or to deprive any person of equal protection or the privileges and immunities provided by the Constitution; section 1986 makes actionable the failure to prevent any of the wrongs conspired to be done under section 1985. The district court properly granted summary judgment for the defendants since Mwonyonyi's complaint merely contained broad and conclusory language, void of the factual allegations necessary to support a conspiracy theory. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). The dismissal of his section 1985 claim was also correct because Mwonyonyi failed to allege a class-based conspiracy. See Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971). Because the complaint is devoid of allegations of conspiracy and therefore presents no claim for relief under 42 U.S.C. Sec. 1985, it also fails to present a claim under 42 U.S.C. Sec. 1986. See Hahn v. Sargent, 523 F.2d 461, 469-70 (1st Cir.1975), cert. denied, 425 U.S. 904 (1976).
 
 
 7
 The district court also correctly dismissed Mwonyonyi's section 1981 claim. To bring an action under 42 U.S.C. section 1981, an individual must establish racial discrimination. A claim based solely on the place or nation of a plaintiff's origin is not actionable under this statute. See Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 931 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987).
 
 
 8
 In addition, the district court correctly decided that Mwonyonyi failed to state a cause of action against any defendant under 42 U.S.C. Sec. 1983. Under that statute, a plaintiff must allege: 1) that he was deprived of a right secured by the federal Constitution or laws of the United States, and 2) that the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). Mwonyonyi failed to state a cause of action against defendants Scott, Brown, Johnson, Cooke, Radigan, Ingwerson, and McKiernan under section 1983 as these defendants are private citizens and, thus, did not act under state law. Defendant Sloane, the supervisor of the Jefferson County Police, cannot be liable to Mwonyonyi under the doctrine of respondeat superior as he did not condone, encourage, or participate in the alleged misconduct. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989). Likewise, Officer Lettie, who allegedly supervised the investigating police officer, is not liable to Mwonyonyi under the doctrine of respondeat superior. See Birrell, 867 F.2d at 959. Neither is defendant Judge Scott liable as he has absolute judicial immunity in this case. See King v. Love, 766 F.2d 962, 965-66 (6th Cir.), cert. denied, 474 U.S. 971 (1985).
 
 
 9
 Likewise, Mwonyonyi does not have a claim against defendants Jasmin, Eiden, and Montgomery. He alleged that Eiden would not allow him to tell the grand jury that the police returned the gun to the Cookes, and would not let him talk freely to the grand jury. He claimed that Montgomery failed to immediately prosecute Cooke, and that Jasmin was liable because he supervised Eiden and Montgomery. All these defendants have absolute immunity in presenting the case to the grand jury. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).
 
 
 10
 Similarly, defendant Sohen, the deputy clerk for the Jefferson County District Court, is not liable under Sec. 1983. Mwonyonyi alleged that he refused to file a document with the district court. Sohen has absolute quasi-judicial immunity for damages as his duties are related to the district court's judicial process. See Foster v. Walsh, 864 F.2d 416, 417-18 (6th Cir.1988) (per curiam); Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir.1988). Even if Sohen has only qualified immunity under these circumstances, see Morrison v. Lipscomb, 877 F.2d 463, 466-67 (6th Cir.1989), it is clear that Sohen did not violate any of Mwonyonyi's clearly established rights as his allegations against Sohen (and all the defendants) are rambling conclusions, filled with nonsensical statements and blanket accusations all trying to get the state court system to indict his former girlfriend for allegedly firing shots at his apartment. This is evident by the magistrate's order of January 27, 1989, striking from the record all motions, answers, and replies regarding defendant Sohen (and others) for Mwonyonyi's failure to assert clear, simple and direct statements under Fed.R.Civ.P. 8(e).
 
 
 11
 Mwonyonyi failed to state a cause of action against defendant Whalin as well under 42 U.S.C. Sec. 1983. Mwonyonyi had a conference with Colonel Whalin at which he asked Whalin to ask the prosecutor to change his mind about not prosecuting his girl friend. Whalin said he could not do that. Clearly, Whalin did not violate any of Mwonyonyi's constitutional rights, and hence no claim was stated under section 1983. Flagg Bros., 436 U.S. at 155-57.
 
 
 12
 Mwonyonyi also has not stated a section 1983 cause of action against defendants Stalker, Howard, Schnell, and Gieszl, who are the police officers who investigated the shooting. Mwonyonyi failed to show in any way whatsoever how any of these officers violated any of his clearly established constitutional rights. At most Mwonyonyi asserts that the officers negligently performed their jobs. This is not actionable under section 1983. Chesney v. Hill, 813 F.2d 754, 755 (6th Cir.1987) (per curiam).
 
 
 13
 Finally, this court concludes that it must issue sanctions against Mwonyonyi for having, indeed, filed many papers with this court that are scurrilous, vitriolic, possibly libelous, and highly disrespectful of the state and federal judicial systems. Sanctions are permissible under 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38 whenever an appeal is frivolous, unreasonable or without foundation, Wrenn v. Gould, 808 F.2d 493, 504 (6th Cir.1987), or if it is prosecuted for delay, harassment or other improper purpose. Dallo v. INS, 765 F.2d 581, 589 (6th Cir.1985). See also Coghlan v. Starkey, 852 F.2d 806, 810-17 (5th Cir.1988) (per curiam) (compilation and discussion of cases under Rule 38).
 
 
 14
 The sanctions clearly are warranted in this case because at the very least Mwonyonyi's papers harass all the parties, their counsel, and the state and federal judiciaries. A review of Mwonyonyi's motions and papers show them to be filled with rambling, possibly libelous, and scurrilous accusations of a vast cover-up of corruption and deceit conducted by the state and federal judiciaries, the state police and prosecutors, and various private witnesses. The parties and witnesses have allegedly been corrupted by sexual favors granted to them by plaintiff's former girlfriend in exchange for the suppression of criminal evidence and a decision not to prosecute his former girlfriend for having allegedly assaulted the plaintiff by firing gun shots through his apartment window. Mwonyonyi likewise asserts that the Sixth Circuit has somehow compromised itself and is involved in this cover-up because it issued an order in an earlier appeal before Mwonyonyi's brief was filed and denied publication of the order under Sixth Circuit Rule 24. The Sixth Circuit has also been the subject of plaintiff's highly scurrilous and improper sexual remarks. Mwonyonyi has even "warned" the Sixth Circuit not to dismiss his case or impose sanctions.
 
 
 15
 Finding all of these remarks highly inflammatory, scurrilous, and disrespectful of the federal judiciary, and indeed believing that this litigation was filed with recklessness and improper purpose, we conclude that sanctions are amply supported by the record in this case.
 
 
 16
 Accordingly, we hereby affirm the district court's judgment dismissing Mwonyonyi's civil rights suit. Rule 9(b)(5), Rules of the Sixth Circuit. We likewise deny Mwonyonyi's miscellaneous motions and the defendants' various motions to dismiss and for sanctions sought under authority not directly relevant to this appeal. We, nonetheless, impose costs and reasonable attorneys' fees against Mwonyonyi under 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38, and remand this case for further deliberations for the district court to determine the amount of costs and reasonable attorneys' fees incurred in this appeal and to determine the plaintiff's ability to pay this sanction. See Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989) (when a party is claiming pauper status, a determination of his capacity to pay costs and sanctions must first be made before sanctions may be imposed).