977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rodney HARDIN, Plaintiff-Appellant,
v.
Terry PITCHER; Joseph Hosey; Robert Heller; James R.
Zummer; Steven A. George; Michael Turnbull;
Douglas Catrell, Defendants-Appellees.
 No. 91-2371.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1992.
 
 1
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Rodney Hardin, a Michigan prisoner proceeding without assistance of counsel, appeals from the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. § 1983. Hardin waives oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages, Hardin alleged that officials of Michigan's Department of Corrections, acting in their individual capacity, illegally confined him in administrative segregation without due process of law and in violation of equal protection of law. The district court held that Hardin's complaint alleged that defendants were merely negligent and that allegations of negligence, standing alone, are not sufficient to demonstrate a deprivation of due process. The court concluded that the record failed to support any contention of intentional misconduct and that Hardin had alleged nothing more than negligent conduct on the part of defendants which did not rise to the level of a constitutional deprivation. Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 4
 Upon review, we find no error. As a general proposition of law, mere negligence is not actionable under § 1983, Chesney v. Hill, 813 F.2d 754, 755 (6th Cir.1987) (per curiam), and negligence does not become gross simply by saying so; facts must charge government officials with outrageous conduct or arbitrary use of government power. Nishiyama v. Dickson County, Tenn., 814 F.2d 277, 282 (6th Cir.1987) (en banc).
 
 
 5
 Hardin was found guilty of a major misconduct violation and sentenced to seven days detention, with three days credit. On October 2, 1990, he was transferred to administrative segregation. Thereafter, on October 5, 1990, the prison's Security Classification Committee reviewed his status and recommended that Hardin forfeit good time credits but that he not remain in administrative segregation. Hardin was released from administrative segregation approximately seventeen days later.
 
 
 6
 Hardin's appellate brief makes it clear that he did not claim an illegal transfer from the general population to administrative segregation. His complaint, rather, is that his release from administrative segregation was delayed 13 days longer than it should have been. It is clear from the context that defendants are being sued for conduct that is neither intentional or grossly negligent.
 
 
 7
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation