Kenneth M. WOJNICZ, Plaintiff–
Appellant,

v.

Corbin R. DAVIS, Clerk; Maura Corri-
gan, Chief Judge, Michigan Supreme
Court, Defendants–Appellees.

No. 03–1017.

United States Court of Appeals,
Sixth Circuit.

July 29, 2003.

Before: KENNEDY, GILMAN, and
GIBBONS, Circuit Judges.

*ORDER*

This pro se Michigan state prisoner ap-
peals a district court judgment dismissing
his civil rights complaint filed pursuant to
42 U.S.C. § 1983. This case has been
referred to a panel of the court pursuant
to Rule 34(j)(1), Rules of the Sixth Circuit.
Upon examination, this panel unanimously
agrees that oral argument is not needed.
Fed. R.App. P. 34(a).

Seeking monetary damages and a de-
claratory judgment, Kenneth M. Wojnicz
sued the Chief Justice of the Michigan
Supreme Court, Justice Maura D. Corri-
gan, and the Clerk of the Michigan Su-

preme Court, Corbin R. Davis, in their official and individual capacities.

Wojnicz claimed that the defendants denied him access to the courts by rejecting his state habeas petition for filing in the Michigan Supreme Court. Wojnicz also asked the district court to exercise supplemental jurisdiction over his state habeas petition pursuant to 28 U.S.C. § 1367. Despite Wojnicz's payment of the district court filing fee, the district court sua sponte dismissed Wojnicz's complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. The district court also declined to exercise supplemental jurisdiction over Wojnicz's state habeas petition.

This timely appeal followed.

Initially, we note that to the extent that Wojnicz may have obliquely asserted due process and equal protection claims in his complaint, he does not reassert such claims on appeal. Issues that were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

This court reviews de novo a judgment dismissing a suit for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). Both sections 1915A and 1915(e) require district courts to screen cases at the moment of filing and to sua sponte dismiss those that are frivolous or fail to state a claim for relief. *See id.* at 612. In determining whether Wojnicz's complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether Wojnicz undoubtedly can prove no set of facts in support of his

claims that would entitle him to relief. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998). The district court may dismiss a complaint for failure to state a claim upon which relief can be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). This court may affirm a decision of the district court if that decision is correct for any reason including a reason not considered by the district court. *City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir.1994).

■ Based upon the court's decision in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir.1999), the district court erred in dismissing Wojnicz's complaint on the basis of § 1915(e)(2). In *Benson* the court clarified that § 1915(e)(2) applies only to litigants who are proceeding in forma pauperis. *See id.* at 1017. Nevertheless, the district court properly applied § 1915A because Wojnicz is a prisoner seeking redress from a governmental entity or its officers or employees. *See Benson*, 179 F.3d at 1016; *McGore*, 114 F.3d at 604.

■ First, the defendants are entitled to immunity. A judge performing his or her judicial functions is absolutely immune from suits seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Holloway v. Brush*, 220 F.3d 767, 774 (6th Cir.2000). Judicial employees are immune from damages for the performance of quasi-judicial duties. *Bush v. Rauch*, 38 F.3d 842, 847–48 (6th Cir.1994) (court administrator executing court order); *Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir.1988) (court clerk issued erroneous warrant on judge's order). Accepting all of his allegations as true, Wojnicz's allegations against the defendants involve actions taken while per-

forming their judicial and quasi-judicial duties processing the state court habeas corpus petition. Whether or not they committed any errors in handling Wojnicz's habeas petition, they are immune from suit for monetary damages. Thus, Wojnicz's complaint was subject to dismissal under 28 U.S.C. § 1915A(b), because it sought monetary relief from defendants who are immune from such relief.

█ Next, the district court properly determined that Wojnicz's complaint failed to state a claim upon which relief can be granted. As a general rule, a plaintiff must allege that the deprivation of his rights was intentional or the result of gross negligence. *Davidson v. Cannon,* 474 U.S. 344, 348, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Daniels v. Williams,* 474 U.S. 327, 333–36, 106 S.Ct. 677, 88 L.Ed.2d 662 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill,* 813 F.2d 754, 755 (6th Cir.1987). Negligence does not become gross simply by saying so; facts must charge government officials with outrageous conduct or arbitrary use of governmental power. *Jones v. Sherrill,* 827 F.2d 1102, 1106 (6th Cir.1987). Conclusory allegations, unsupported by any material factual allegations, are not sufficient to state a claim under § 1983. *Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996); *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987).

More specifically, negligence does not suffice to state an access to the courts violation under § 1983. *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 127–30, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Harrell v. Cook,* 169 F.3d 428, 431–32 (7th Cir.1999). In order to establish an access to the courts violation under § 1983, a prisoner must prove that the violation was intentional, not merely negligent. *Pink v. Lester,* 52 F.3d 73, 76–77 (4th Cir.1995); *Kincaid v. Vail,* 969 F.2d 594, 601–02 (7th Cir.1992). This court has indicated, in dicta, that the foregoing is the appropriate standard. *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir.1990).

Wojnicz's allegations failed to state a claim against the defendants. Accepting all of Wojnicz's allegations as true, it is clear that the defendants rejected his state habeas petition in an attempt to comply with court rules or procedures, and because they were under the mistaken belief that Wojnicz had not yet filed an original habeas action in the Michigan Court of Appeals, not because of a deliberate attempt to impede the filing of Wojnicz's habeas petition.

Defendant Davis informed Wojnicz by letter that the Michigan Supreme Court had received his papers that were apparently intended for filing as an original habeas petition in the Michigan Court of Appeals. Davis further informed Wojnicz that he was returning the habeas petition because the court rule made it clear that original actions such as the one Wojnicz wished to initiate had to first be filed with the Michigan Court of Appeals and not in the Michigan Supreme Court. Davis reiterated that position in a second letter to Wojnicz. At worst, the defendants were merely negligent in not first determining that Wojnicz had filed his habeas petition with the Michigan Court of Appeals. Because Wojnicz offers no evidence that the defendants impeded the filing of his habeas petition for any reason other than in an attempt to comply with court rules or procedure, Wojnicz fails to state a claim upon which relief may be granted against the defendants. *See Pink,* 52 F.3d at 76–77. Thus, Wojnicz's complaint was subject to dismissal under 28 U.S.C. § 1915A.

The district court properly declined to exercise supplemental jurisdiction over Wojnicz's state habeas petition. Under 28 U.S.C. § 1367(c)(3), the district court may

decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state claims generally should be dismissed as well. *Taylor v. First of Am. Bank–Wayne,* 973 F.2d 1284, 1287 (6th Cir.1992) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

Accordingly, we hereby affirm's the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.