NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0746n.06
Filed: August 24, 2005

Case No. 04-1694

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| VALIANT WHITE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| JOSEPH G. DUNBAR; JEROME | ) | UNITED STATES DISTRICT |
| HOLLOWAY; ZERIOUS MEADOWS, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WAYNE COUNTY CIRCUIT COURT | ) | |
| CLERKS, Clerks and Assistant Clerks, | ) | |
| | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: GUY, BATCHELDER, and GILMAN, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Plaintiff-appellant Valiant White, a black

Michigan prisoner proceeding pro se, appeals the dismissal of a Complaint that he and three other

prisoners filed as part of a "Motion To File Class Action," alleging that Michigan state-court

administrators are not properly processing the state post-conviction motions of black state prisoners.

Plaintiffs below sought class-action certification, damages of $10 million each, and $500 million to

be set aside to handle the legal fees of those similarly situated. The district court dismissed

plaintiffs' Complaint under 28 U.S.C. § 1915A(b), because it sought monetary damages from

defendants who were immune from such suits, and because it failed to state a claim upon which

relief may be granted. Because White has failed to allege specific facts to show that his constitutional rights have been violated, and because, to the extent that White does allege any specific facts, those facts demonstrate that his constitutional rights have not been violated, we affirm the district court's dismissal of his case.

In October 2003, White and three other prisoners—Jerome Holloway, Joseph Dunbar, and Zerious Meadows—filed a Motion To File Class Action (hereinafter, "Complaint") under 42 U.S.C. § 1983, in which they alleged that Wayne County Circuit Court clerks and various other state-court administrators had engaged in a systematic practice of not properly processing the state post-conviction motions of black state prisoners, in violation of their First, Fifth, and Fourteenth Amendment rights. The Complaint alleged, *inter alia*, that state-court administrators are not properly filing the post-conviction motions of black prisoners; that the courts are taking too long to decide such motions; that administrators refuse to "investigate" and "intervene" to see that prisoners' cases are decided more quickly; and that when judges do render decisions on the motions, they do not always address all of the issues presented. The district court dismissed plaintiffs' Complaint, holding that the defendant administrators were immune from suit under the doctrine of quasi-judicial immunity, *see Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Wojnicz v. Davis*, 80 Fed. Appx. 382, 383-84 (6th Cir. 2003) (unpublished), and that to the extent plaintiffs challenged the validity of their underlying convictions, they failed to state a valid civil rights claim under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

On appeal, White, who is the only plaintiff to have filed an appeal, spends the bulk of his brief arguing that a court administrator's quasi-judicial immunity does not extend to purely ministerial duties, such as filing prisoners' motions. Even if White is correct in this regard,

however, the district court properly dismissed his case because he has failed to plead specific facts to show that the administrators behaved unconstitutionally in handling his post-conviction motions. The Complaint's specific factual allegations relating to White are that he filed a Motion for Relief from Judgment on November 2, 1997; that on January 6, 1998, he wrote a letter to the Wayne County Court inquiring as to the status of his motion; that the court administrator wrote him on February 2, 1998, informing White that the court had no record of his motion being filed; that in response to a follow-up letter from White, the court administrator informed him in a February 18, 1998, letter "that Plaintiff's pleadings had been received by the Court and the Judge would be ruling on Plaintiff's pleadings as soon as possible"; that on October 30, 2001 (approximately 44 months later), Judge Cahalan denied White's Motion for Relief from Judgment, "not even addressing the Radical Jurisdictional Defect issue as well as other issues of Constitutional Rights Violations"; that White appealed this ruling to the Michigan Court of Appeals and Supreme Court, neither of which addressed the "Radical Jurisdictional Defect"; that White filed a state petition for writ of habeas corpus on August 20, 2003, to which he has received no response; that on May 12, 2003, White filed a Motion for Resentencing before Judge Cahalan, to which he has received no response; and that White wrote the Wayne County Court clerk on July 16, 2003, regarding his Motion for Resentencing, to which he has not received a response. These are the sum total of the Complaint's specific allegations pertaining to White.

Conclusory allegations, unsupported by any material factual allegations, are not sufficient to state a claim under § 1983. *Wojnicz*, 80 Fed. Appx. at 384 (citing *Kensu v. Haigh*, 87 F.3d 172, 175-76 (6th Cir. 1996); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). Moreover, as a general rule, a plaintiff must allege that the deprivation of his rights was intentional or the result of

3

gross negligence. *Id.* (citing *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986)). Mere negligence is not actionable under § 1983. *Id.* (citing *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987)). And calling acts grossly negligent does not make them so; the complaint must contain factual allegations charging government officials with outrageous conduct or arbitrary use of governmental power. *Id.* (citing *Jones v. Sherrill*, 827 F.2d 1102, 1106 (6th Cir. 1987)).

White has alleged no facts in support of his allegations that administrators are unconstitutionally failing to process his filings. Indeed, White's factual allegations with respect to his Motion for Relief from Judgment are to the contrary; he alleges that his inquiry regarding the motion was responded to, that the motion was not only filed but ruled on, and that he filed appeals from that ruling. That the judge apparently took several years to decide the motion does nothing to support White's contention that the administrators acted unconstitutionally in processing it, or that any action with regard to that motion was influenced by White's race.

Similarly, the mere facts that White submitted his state habeas corpus petition in May 2003 and his re-sentencing motion in August 2003, and had received no response to either as of the time he filed this Complaint in October 2003, do nothing to show that state-court administrators are not processing his motions or are discriminating against him based on his race. White faults the administrators for not "interven[ing]" to expedite the process by which the courts decide his motions, not helping to ensure that judges address all of his issues in their opinions, and not responding to every one of his letters, but he cites no authority for the proposition that federal law places such burdens upon state-court administrators. In short, having failed to make specific, non-conclusory factual allegations to support his claims that state-court administrators unconstitutionally

4

denied him access to the courts, or took or failed to take any action because of his race, White wholly fails to carry his burden of showing that any of the defendants acted with the requisite intent or gross negligence to support a claim under 42 U.S.C. § 1983. *See Wojnicz*, 80 Fed. Appx. at 384.

White has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). Accordingly, we **AFFIRM** the judgment of the district court dismissing his case.